# Milner v. Rucker.

*Bill in Equity for Establishment of Resulting Trust.*

1. *Principal and agent; when agent taking title in himself creates a trust, enforceable by grantee of principal.*—Where an agent for the purchase of the mineral interests in lands purchased the full fee simple title to certain lands, and paid for the same with his principal's money, but had the deed made to himself, he holds the title to the mineral interests therein in trust for the principal, and such resulting trust can be enforced by a grantee of the principal against the agent or his heirs; and the fact that at the time of such purchase the principal was indebted to such agent in an amount equal to the price of the land, is no bar to the existence and establishment of the trust.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on January 11, 1892, by the appellee, E. W. Rucker, against John A. Milner, as the administrator of E. L. Milner, deceased, and against the widow and heirs-at-law of said E. L. Milner.

The complainant claimed to be the owner of the mineral rights and title to certain lands, under a deed from Thomas Peters, dated September 12, 1886, and afterwards by deed from Joseph F. Johnston, as the administrator of said Peters, which latter deed was executed under and in pursuance of a decree of the chancery court of Jefferson county. The deed from Peters contained covenants of warranty.

[Milner v. Rucker.]

The prayer of the bill was that a resulting trust be decreed in the lands which were conveyed by deed by one S. J. Sellers to E. L. Milner, dated July 28, 1882, in favor of the complainant, as grantee of Peters, so far as the mineral rights and title to such lands were concerned, and that the mineral rights and title thereto be divested out of the widow and heirs-at-law of E. L. Milner, deceased, and invested in the complainant.

The circumstances of the purchase of the lands involved in this controversy, and the facts pertaining thereto, and the theory of the rights of the defendant to said land are sufficiently stated in the opinion.

Upon the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. From this decree the respondents appeal, and assign the same as error.

WHITE & HOWZE, LANE & WHITE, JOHN H. MILNER and F. E. BLACKBURN, for appellant.—The complainant has waited too long in asserting his claim to have his rights established, in the event he has any rights.—*Eddleman v. Carter*, 7 Jones (N. C.) 616 ; *Johnston v. Johnston*, 5 Ala. 90.

The presumption arising from the deed that it fully speaks the whole truth must prevail until the contrary is established beyond reasonable controversy. It is not enough to engender doubt and uncertainty.—*Lehman v. Lewis*, 62 Ala. 133 ; *Burke v. Andrews*, 91 Ala. 360 ; *Tilford v. Torrey*, 53 Ala. 120.

The evidence in the case was not sufficient to establish a trust in favor of the complainant.—*Berry v. Henry*, 13 Ill. 228 ; *Harrell v. Mitchell*, 61 Ala. 270 ; *Dismukes v. Tolson*, 67 Ala. 386 ; 1 Greenl. on Ev., §§ 115, 117, 120 ; *Bibb v. Hunter*, 79 Ala. 352.

JAMES E. WEBB, *contra.*—The complainant as purchaser from the defendants' principal was entitled to have a trust in favor of the principal, enforced in his, the complainant's behalf.—*Ringo v. Binn*, 10 Pet. (U. S.) 280 ; *Browne v. Warner*, 14 Vesey 409 ; *Moore v. Crawford*, 130 U. S. 128 ; Pomeroy Eq. Jur., § 1053 ; Story's Eq. Jur., § 187 ; *Milner v. Stanford*, 102 Ala. 280 ; *Rose v. Gibson*, 71 Ala. 35 ; *Preston v. McMillan*,

[Milner v. Rucker.]

58 Ala. 84; *Bibb v. Hunter*, 79 Ala. 354; *Anthe v. Heide*, 85 Ala. 238; *Bates v. Kelly*, 80 Ala. 142.

McCLELLAN, J.—There can be very little, if any, doubt on the evidence in this case that E. L. Milner was acting as the agent of Thomas Peters in purchasing the mineral interests in lands in Walker county at the time he purchased the lands involved in this cause, situated in said county, from Sellers. It is also clear that said Milner at the time of said purchase contemplated that the money to pay for this land would be furnished by Peters, and that it was furnished by Peters. The respondents, indeed, so far from controverting these conclusions, rely upon a theory which involves both Milner's agency for Peters and the payment of the purchase money with funds coming from Peters. That theory is, in brief, that Milner, while engaged in buying the mineral interests in lands for Peters, and in the prosecution of that business, purchased this land—all interests in it —paid for it through another agent of Peters with funds belonging to Peters, which were supplied to such other agent for that purpose by yet another agent of Peters, which latter was the general agent of Peters for the purchase of mineral interests in lands, and had the deed made to himself, Milner, because Peters owed him a sum equal to the price of the land. It does not appear that Peters, or any agent of his thereunto empowered, authorized this conveyance of title into Milner, or ever ratified the transaction. After the death of Peters, and long after he had conveyed all his interests in this land to Rucker, there was a settlement attempted between Milner and Peters' representative or former agent, Wheeler, upon which it appeared that the estate owed Milner $628.14. He was then charged with the value of said land, viz., $1,067.81, which charge created a balance against him of $439.67, for which he executed his notes for the benefit of said estate, and afterwards paid the sum in full. And it is shown by Milner's own declarations that he made the purchase so far as the mineral interests in the land were concerned for and as the agent of Peters.

On these facts—a purchase by Millner as the agent of Peters, the payment of the purchase money by Peters and a conveyance of the land to Milner, agent, instead

of Peters, the principal—the former held the legal title to the minerals in trust for the latter, to whom in equity that interest belonged and who was entitled to invoke the powers of the chancery court to the declaration of such trust and to its execution by divesting the legal title to the minerals out of Milner and investing it in him.—*Preston v. McMillan*, 58 Ala. 84; *Whaley v. Whaley*, 71 Ala. 159; *Bibb v. Hunter*, 79 Ala. 351; *Milner v. Standford*, 102 Ala. 277.

This equitable estate of Peters in the coal and other mineral interests in the land and his remedies to have the trust declared and effectuated passed by his deed and the covenants thereof to Rucker the present complainant, as against everybody except purchasers in good faith, without notice and for value from Milner, and the respondents are not within the exception ; and the interests and rights thus vested in Rucker, are, of course, unaffected by the subsequent settlement between Milner and Peters' personal representative, or Wheeler, his former agent, wherein Milner refunded the money paid for this land to Peters' estate.—*Moore v. Crawford*, 130 U. S. 122.

We do not deem it necessary to pass upon the exceptions to rulings on the competency, &c., of testimony. The conclusions of fact at which we have arrived are abundantly supported by unobjectionable evidence.

The decree of the chancellor granting the relief prayed must be affirmed.

