ELIZABETH McLEAN, administratrix, *vs.* CHEMICAL PAPER
COMPANY.

Hampden.    September 26, 1895. — November 29, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Loss of Life — Master and Servant — Due Care — Action.*

An action under the employers' liability act, St. 1887, c. 270, as amended by St.
1892, c. 260, for causing the death of the plaintiff's intestate after a period of
conscious suffering, cannot be maintained if the plaintiff fails to sustain the bur-
den of showing that his intestate, at the time he was injured, was in the exercise
of due care.

LATHROP, J.    This is an action of tort, by the administratrix
of the estate of Hugh McLean, for personal injuries sustained by
her intestate while in the employ of the defendant, from which
he afterwards died, the death not being instantaneous, but being
preceded by conscious suffering.    The declaration contains a
count at common law, and a count under the St. of 1887, c. 270,
which was afterwards amended to make it conform to the St.
of 1892, c. 260, § 1.    At the trial, the plaintiff elected to pro-
ceed under the statute.    The judge, at the close of the evidence,
directed a verdict for the defendant; and the case comes before
us on a report of the case by the presiding judge, which includes
a transcript of the evidence.

The intestate was a man sixty-five years of age, and had been
in the employ of the defendant since some time in 1881.    The
accident happened on August 3, 1893.    At this time the intes-
tate was in charge of the rag-room and the bleach-room of the
defendant.    The first floor and basement of a building were oc-
cupied by rotary bleach boilers.    These boilers were filled with
stock, which was then cooked by steam let into the boilers.    The
contents of the boilers, when cooked, were emptied on to the
basement floor, and the water drained off into a brick sewer
which ran under a yard outside of the building into a river.    At
times some of the stock which escaped during the draining pro-
cess into the sewer would clog the sewer.    In the yard was a
manhole running down to the sewer, which was used for the

purpose of cleaning out the sewer when it was so clogged. This was done sometimes from the ground, with the use of a stick, and sometimes by a person letting himself down into the manhole and standing on a brick projection near the floor of the sewer. It was the duty of the intestate to see that the sewer was kept clear and that the water ran off the bleach-room floor ; and the men who were in the intestate's department usually did the cleaning out of the sewer.

At right angles with the bleach-room was the steam-boiler house. Connected with the boilers was a blow-off pipe, which came out into the yard and ran along towards the manhole on the top of the ground, on a tier of bricks, and ended fifteen feet from the manhole. This pipe was covered with a plank, and there was more or less rubbish over it. When the steam-boilers were blown off, the water and steam came out of the pipe, and struck with great force against the opposite wall of the manhole, spraying all around. This wall came above the ground one or two tiers of brick, so that it would catch the water. This condition of things had been substantially the same for many years.

On the evening of the accident there was evidence from which the jury might have found that the intestate was in the yard by the manhole, just beginning to clean it out, when the fireman in charge of the boilers, finding that one of them had more water than it needed, blew it off. The result was that the intestate was so badly scalded that he died after several hours of conscious suffering.

The manhole was adapted for two purposes. It could not be used with safety by a person about to clean the sewer without a proper warning being given that it was going to be cleaned.

The danger was an obvious one, and was well known to the plaintiff's intestate. The burden of proof was upon the plaintiff to show that her intestate exercised due care. As she failed to show that he gave any warning before proceeding to clean out the sewer, she failed to show that he was in the exercise of due care.

It is unnecessary, therefore, to consider the other questions argued.                    *Judgment on the verdict.*

*W. W. McClench,* (*W. Hamilton* with him,) for the plaintiff.

*J. B. Carroll,* (*W. H. McClintock* with him,) for the defendant.