MICHAEL T. NIHILL, administrator, *vs.* NEW YORK, NEW
HAVEN, AND HARTFORD RAILROAD COMPANY.

Berkshire.    September 14, 1896. — October 23, 1896.

Present: FIELD, C..J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Death — Employers' Liability Act — Negligence —
Due Care.*

Even if it is assumed, in an action under the employers' liability act, St. 1887, c. 270,
for personal injuries occasioned to the plaintiff's intestate while coupling cars,
and for causing his death, that the fireman who backed the train was a person
in charge or control thereof, and that the intestate's foreman who gave the
signal to back was the superintendent or was acting as superintendent, the
action cannot be maintained, if there was no evidence to warrant the jury in
finding that the fireman or foreman was negligent in failing to warn the intes-
tate or to give a signal of the backing of the cars, and if the intestate was not
in the exercise of due care.

TORT, for personal injuries occasioned to the plaintiff's in-
testate in coupling cars, and for causing his death while he was
in the defendant's employ. The declaration was under the
employers' liability act, St. 1887, c. 270.

At the trial in the Superior Court, before *Hopkins*, J., there
was evidence tending to show that the intestate, who was a car
inspector, was killed on May 20, 1895, by being caught between
the platforms of a passenger car and a combination car on a pas-
senger train which was being made up at Pittsfield, that the
fireman who backed the train was at the time in charge of the
engine, and that one Tone, who gave the signal to the fireman
to back, was the head car inspector and the intestate's foreman ;
but there was no evidence to show that, at the time when the cars
were backed and the intestate was killed, either the fireman or
Tone knew or had any reason to suppose that the intestate was
between the cars ; and, further, it appeared that the intestate
knew that two attempts had been made to couple the cars,
which had failed, and that the attempt to couple them had
been suspended ; and it also appeared that when he went in
between the cars again to couple them, he failed to give notice

of his presence to Tone, or to those in charge or control of the engine and train.

At the close of the, testimony, the judge, at the defendant's request, directed a verdict for the defendant; and the plaintiff alleged exceptions.

*C. E. Hibbard & J. B. Carroll,* (*W. H. McClintock* with them,) for the plaintiff.

*A. C. Collins,* for the defendant.

MORTON, J. Assuming that the fireman was a person in charge or control of the engine and cars, and that Tone was the superintendent or was acting as superintendent, we think that there was no evidence which fairly would have warranted the jury in finding that, at the time when the cars were backed and the plaintiff's intestate was killed, either the fireman or Tone knew or had any reason to suppose that he was between the cars, and therefore they were not guilty of negligence in failing to warn him, or to give any signal of the backing of the cars.

Further, the plaintiff's intestate knew that two attempts had been made to couple the cars, which had failed, and that the attempt to couple them had been suspended, and we think that when he went in between the cars again to couple them, it was his duty to give some notice of his presence to Tone, or to those in charge or control of the engine and train. This he failed to do, and was therefore wanting in due care. *Perry* v. *Old Colony Railroad,* 164 Mass. 296. *McLean* v. *Chemical Paper Co.* 165 Mass. 5.     *Exceptions overruled.*