BENJAMIN HART *vs.* BANGOR & AROOSTOOK RAILROAD COMPANY.

Penobscot.   Opinion July 3, 1913.

*Appreciation.   Assumption of Risk.   Damages.   Danger Signal.   Due Care.
Negligence.   Warning.*

1.   Upon the facts shown in evidence, the risk was apparent, and the plaintiff must have known and appreciated the danger. He, therefore, assumed the risk, although he was at the time engaged in the performance of a service which he had not contracted to render.

2. Car repairers who knowingly go under damaged cars in a railroad yard where cars are likely, at any time, to be moved against such car, without placing a danger signal of some character or taking other precaution for safety, are held generally to assume the risk of injury while so engaged.

3. Assuming, knowingly, a position of danger not readily discoverable, it was the duty of plaintiff to use all available means to give warning to his master and others and failing to use due care to do so, he cannot recover for injuries due to lack of such warning.

On exceptions, by plaintiff. Overruled.

This is an action on the case to recover damages for personal injuries received while in the employ of the defendant and alleged to have been caused by the negligence of the defendant. The defendant pleaded the general issue. At the close of the testimony for the plaintiff, the presiding Justice ordered a nonsuit to be entered, with the stipulation that if the order is overruled by the Law Court, judgment is to be entered for the plaintiff in the sum of five hundred dollars.

The case is stated in the opinion.

*A. L. Blanchard,* for plaintiff.

*Stearns & Stearns,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HANSON, JJ.

BIRD, J. The plaintiff, a man of mature years and ordinary intelligence, was employed early in December, 1909, by defendant corporation as a repairer of damaged or "cripple" cars. It was understood by the parties that the work was to be done upon a track or tracks of defendant designated for the purpose and known as "cripple tracks" or "repair tracks." On these tracks the workmen or repairers were required to provide for their safety by the use of blue flags. Prior to his employment by defendant, plaintiff had had experience as a section hand upon the railway of another corporation. During his employment, by defendant, and prior to the receipt of the injury complained of he was frequently sent by defendant to make repairs upon its cars standing upon the tracks of the yard of the Maine Central Railroad in close vicinity to the "cripple tracks" of defendant and this he did both alone and in company with fellow servants. In this work upon the tracks of the

Maine Central Railroad, neither plaintiff nor his fellow servants made use of the blue flag; "simply go down and do the work as quick as you could and back" as plaintiff testifies.

On the third day of February, 1910, plaintiff with two fellow servants was sent to repair certain cars upon the tracks in the yard of the Maine Central Railroad and while plaintiff was beneath a car engaged in his work, one of his fellow servants standing meanwhile beside and north of the car and the other beside and south of the car, a locomotive operated by the Maine Central Railroad propelled a car against that under which plaintiff was working causing him serious injury. Upon trial of the plaintiff's action to recover damages for his injuries thus sustained, the presiding Justice at the close of testimony for plaintiff directed a nonsuit and the case is before this court on exceptions to such direction.

It is the opinion of the court upon the facts shown in evidence, that the risk was apparent and that plaintiff must have known and, knowing, have appreciated the danger. He therefore assumed the risk, although he was at the time engaged in the performance of a service which he had not contracted to render. *Wormell* v. *Railroad Company,* 79 Maine, 397, 403, 406; *Jones* v. *Manufacturing Co.,* 92 Maine, 505; *Babb* v. *Paper Co.,* 99 Maine, 298; *Elliott* v. *Sawyer,* 107 Maine, 195. Car repairers, who knowingly go under damaged cars, in a railroad yard where cars are likely, at any time, to be moved against such car, without placing a danger signal of some character or taking other precaution for safety, are held generally to assume the risk of injury, while so engaged. *Latremouille* v *Railroad Co.,* 63 Vt., 336; *Campbell* v. *Railroad Co.,* 24 Am. & Eng. R. Cas., 427; 4 Atl., 489; *Renfro* v. *Railroad Co.,* 86 Mo., 302. See also *Southern Pac. Co.* v. *Pool,* 160 U. S., 438, 444; *Whitcomb* v. *McNulty,* 105 Fed., 863, 865; *O'Rorke* v. *Un..Pac. Ry. Co.,* 22 Fed. 189.

Assuming knowingly, as he did, a position of danger not readily discoverable, it was the duty of plaintiff to use all available means to give warning to his master and others and, failing to use due care to do so, he cannot recover for injuries due to lack of such warning. *McLean* v. *Chemical Paper Co.,* 165 Mass., 5, 6; *Cypher* v. *Huntingdon, etc. Co.,* 149 Pa. St., 359; *Goodlett* v. *Louisville Railroad,*

122 U. S., 391, 411; *Montague* v. *Railway Co.,* 82 Fed., 787; *Alabama, etc. Railroad Co.* v. *Roach,* 112 Ala., 360.    See also *Cincinnati, etc. Ry. Co.* v. *Long,* 112 Ind., 166, 177; *Hulien* v. *Railway,* 107 Wis., 122, 125.

*The exceptions are overruled.*