NORA HERLIHY, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   March 30, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Employer's liability, Railroad. *Evidence,* Competency, Testimony at former trial. *Witness,* Contradiction, Cross-examination.

At the trial of an action by an administratrix against a railroad corporation for causing the death of the plaintiff's intestate while employed by the defendant as a switchman in a freight yard, there was evidence tending to show that, as an engine backed toward a switch of which the switchman had charge, a signal was set for the engineer to proceed; that the switchman threw the switch and motioned for the engineer to proceed; that then the engineer was out of view of the switchman and the motion of the switchman was communicated by the fireman to the engineer and the engine proceeded; that the fireman then left his point of lookout; that, when the engine was about twenty feet from the switch and was moving at the rate of from three to four miles an hour, the switchman suddenly started across the track in the path of the tender at no time in the view of the engineer, stumbled, and was run over. *Held,* that there was no evidence to show that the action of the switchman in running into the path of the tender and engine after he had motioned for the engineer to proceed over the switch ought to have been contemplated by the engineer or the fireman; and that there was no evidence of negligence on the part of the defendant.

At the trial of the foregoing action, it was proper for the judge to exclude questions, asked by the plaintiff of an engine hostler in the defendant's employ, called by the plaintiff as a witness, as to duties of the deceased employee in signalling to the engine approaching his switch when another engine, in charge of the witness, was approaching the same switch from another direction, the printed rules of the defendant, if there were any, being the best evidence and, if the subject was one for oral testimony, it being within the judge's discretion to determine the qualifications of the witness to testify upon the subject.

It was proper for the judge, presiding at the trial above described, to permit the defendant to ask the engine hostler, called to testify for the plaintiff, whether he had been requested to resign his position in its employ, and to admit in evidence his reply in the affirmative, the evidence being competent as affecting the credibility of the witness.

Where, in the cross-examination of a witness, certain portions of his testimony at a former trial of the action, which were inconsistent with his testimony at the current trial, are put in evidence for the purpose of contradicting him, it is not necessary to grant a request of the party who called the witness that all of his testimony at that trial, irrespective of whether it contradicted the witness, be introduced in evidence.

TORT, with a declaration, as amended, containing counts under St. 1909, c. 514, § 128, and counts under 35 U. S. Sts. at Large, c. 149, as amended, for the conscious suffering and the causing of the death of the plaintiff's intestate, John Herlihy, while he was in the employ of the defendant as a switchman in its yard in that part of Boston called Roxbury. Writ dated November 25, 1912.

In the Superior Court the action was tried before *Hall*, J. The material evidence is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*S. A. Fuller*, (*C. Toye & B. J. Killion* with him,) for the plaintiff.

*J. L. Hall*, (*T. P. Lindsay* with him,) for the defendant.

CROSBY, J. This is an action to recover for the conscious suffering and death of the plaintiff's intestate by reason of the alleged negligence of the defendant. At the close of the plaintiff's evidence the presiding judge directed the jury to return a verdict for the defendant. The exceptions present the question whether there was any evidence of negligence to be submitted to the jury, and also questions as to the correctness of certain rulings upon the admission and exclusion of evidence. The declaration contains counts under the Massachusetts employers' liability act, St. 1909, c. 514, § 128, and the federal employers' liability act, 35 U. S. Sts. at Large, c. 149, as amended by U. S. St. 1910, c. 143. No question is raised as to the propriety of such joinder. The issues presented do not require us to decide whether the plaintiff is entitled to recover under the Massachusetts act or the federal act, unless there was some evidence of negligence of the defendant.

The plaintiff's intestate was a switchman employed by the defendant in its railroad yard in Roxbury. A plan of the yard

where the accident occurred was introduced in evidence. The evidence showed that the four main tracks of the Providence Division of the defendant were located near the place of the accident; that there was what was called the lead track, with which the other tracks in the yard connected, which left the most northerly main track at a point near the overhead bridge at Gainsborough Street; that from a point near the last named street other tracks were laid from the lead track to the east, connecting with the turntable; and that then there were three other tracks, namely, the runaround track, the coal track and the trestle track. The last named track was the most northerly and was connected with a coal shed upon a trestle. At a point north of the most northerly track and about two hundred and fifty feet from Gainsborough Street was a switchman's shanty. A switch opposite the shanty controlled the coal track and the runaround track. It was the duty of the plaintiff's intestate to attend this switch. To obtain coal for engines it was the practice to run them into the yard from the main track upon the lead track, thence on to the coal track by means of the switch; after getting coal they would return over the runaround track which joined the coal track at a point about opposite the switchman's shanty. In this way engines were able to go to the coal shed and return without obstructing the passage of each other.

The circumstances of the accident as shown by the evidence were as follows: Upon the morning of August 12, 1912, a passenger train, drawn by engine 1698 in charge of engineer Boylan and fireman Hanley, arrived in Boston from Washington, Rhode Island, and after its passengers were discharged at the South Terminal Station and its cars were left at the Roxbury yard, the engine passed by the switch at Gainsborough Street and then was backed toward the coal shed for the purpose of obtaining coal. The signal at this point was set for the engineer to proceed, and as the engine approached the switch which would permit it to run fron the lead track to the coal track, the decedent, Herlihy, threw the switch and motioned for the engineer to come ahead. At that time another engine in charge of one Schilleu, an engine hostler, was coming from the coal shed on the runaround track and stopped soon afterwards. The undisputed evidence shows that after Herlihy had thrown the switch for Boylan's engine to ap-

proach and had motioned for him to come ahead, that he ran in front of this engine from the northerly to the southerly side of the tracks, stumbled and fell, and received the injuries that resulted in his death. There was evidence that when he fell he was from twelve to twenty feet from the tender of the engine, which was backing at the rate of three to four miles an hour; at that time the engineer was on the left side of the engine cab as one faced the rear, and the fireman was on the right side; that the engineer from his position could not have seen Herlihy from the time when he started to run across the track up to the time of the accident; and that the motion from Herlihy to proceed was transmitted from the fireman to the engineer. Hanley testified that the last time he saw Herlihy he (Herlihy) stood at the switch and about twenty feet from the end of the tender; that Herlihy gave the motion for the engine to back up and then he (Hanley) turned his attention to the fire; that a few seconds later the emergency brakes were applied; and that he did not again look ahead after he saw Herlihy twenty feet away.

It is the contention of the plaintiff that the accident was due to the negligence of Hanley in not giving a signal to stop the engine in time to have prevented it. There can be no doubt that the view of both the engineer and the fireman was more or less obstructed by the tender. The undisputed evidence shows that when last seen by Hanley the deceased stood at the switch in a safe position twenty feet from the tender. Even if the jury disbelieved the testimony of Hanley that his attention was directed to the fire at the moment of the accident, there is nothing to show that either the engineer or the fireman ought to have anticipated that Herlihy would suddenly leave a place of safety and run across the track in front of the tender when it was in such close proximity to him.

It does not appear that at that time there was great danger of a collision between the engine, which struck the deceased and which was proceeding at the rate of not more than three to four miles an hour, and the engine on the runaround track, which upon the evidence was either approaching at a rate of speed of not more than two to four miles an hour or had come to a stop before Herlihy started to run across the track.

The evidence shows that Rule 558 relating to the duties of

firemen, printed in the book of rules of the defendant dated 1907, had been superseded by a rule adopted in 1911.

With the fixed signal set for the engine to approach, and in addition the giving by Herlihy of the motion to come ahead, there was nothing to show that it was not safe to do so. Under these circumstances and in view of all the evidence it is plain that there was no negligence on the part of either the engineer or fireman. We find nothing in the facts as disclosed by the evidence to warrant the jury in coming to a different conclusion. *Nihill* v. *New York, New Haven, & Hartford Railroad,* 167 Mass. 52. *Bence* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 221. *Dacey* v. *Boston & Maine Railroad,* 191 Mass. 44. *Gillis* v. *New York, New Haven, & Hartford Railroad,* 224 Mass. 541. *Great Northern Railway* v. *Wiles,* 240 U. S. 444.

The exceptions to the admission of evidence may be disposed of briefly. The plaintiff's exception to the exclusion of the question to the witness Schilleu as to the duty of the deceased to notify the engineer to stop his engine when another engine was approaching from a different direction, cannot be sustained. If the duties of the deceased were defined by any rule of the defendant, the rule was the best evidence; on the other hand if such duties were properly provable by oral testimony, it was for the judge to decide whether the witness was properly qualified to testify upon that subject.

The question to the witness Schilleu, as to the duties of the switchman to give a warning when the fireman was not in his proper place after a switch had been thrown and two engines were approaching each other, was incompetent for the reasons stated in connection with the exception above referred to.

The witness Schilleu, called by the plaintiff, was asked on cross-examination whether he had been requested by the defendant to resign his position in its employ. His answer was in the affirmative. The plaintiff excepted to the answer. The question clearly was competent upon the credibility of the witness.

The same witness was asked upon cross-examination concerning certain testimony given by him at a former trial of the case, which was inconsistent with his testimony at the last trial. The plaintiff excepted to the admission of this evidence unless all the testimony given by the witness at the former trial was put in evidence. The

testimony of the witness given at the former trial was admissible only so far as it tended to contradict his testimony at the last trial. This exception is overruled.

As no error appears in the trial of the case the entry must be

*Exceptions overruled.*