## BEDROS SAHAGIAN vs. SUPERIOR COURT.

### JULY 8, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1)  Defaulted Actions.  Judgment.  Decision.*

Defaulted actions at law are divided into two general classes with reference to the entry of judgment:  (1) defaulted unanswered cases;  (2) defaulted answered cases.  Under par. 5062, Gen. Laws 1923, judgment may be entered in the first class, at any time on *ex-parte* motion and proper proof of claim.  In the second class judgment cannot be entered until the seventh day following the day of decision.

*(2)  Assessment of Damages.  Defaulted Actions.  Notice.*

When an action is defaulted on the day of trial a plaintiff can have his damages assessed immediately or on some day certain to which the case is continued for that purpose, without further notice to defendant.  By permitting a defaulted answered case to be continued indefinitely, plaintiff must file his motion for the assessment of damages and give notice to defendant.

*(3)  Certiorari.  Relief.*

*Certiorari* will not be employed to correct technical error or error which has caused no substantial injury to petitioner.

*(4)  Certiorari.  Relief.*

Where a defendant in a defaulted answered case waited twenty-two months after damages had been assessed against him, without the notice to which he was entitled of such action, and it does not appear that he has suffered any substantial injury, after such a lapse of time and want of due diligence the court will refuse relief through *certiorari*.

CERTIORARI.   Writ quashed.

SWEENEY, J.   This is a petition for a writ of *certiorari* to be directed to the Superior Court for the counties of Providence and Bristol, requiring it to certify to this court its records relating to an action at law entitled, *Giragos Sahagian* v. *Bedros Sahagian,* in order that so much of such record as is illegal may be quashed.   A writ was issued as prayed for and the record has been certified to this court.

It appears that the action is one for deceit brought by writ issued out of said Superior Court May 20, 1915.   The writ and declaration were duly filed in court.   After preliminary pleadings the defendant filed a plea of the general issue.   The case was assigned for trial May 23, 1922.   On said date the defendant was called and defaulted.

May 26, 1923, the plaintiff filed a motion that damages be assessed, after default.   On the same day upon proof of claim, damages were assessed by a justice of said court and judgment entered for the plaintiff for $1,050 and costs of suit.   June 25, 1923, execution was issued and later returned wholly unsatisfied.   February 18, 1925, an alias execution was issued under which levy was made on real estate of the defendant.

March 20, 1925, the defendant filed this petition for a writ of *certiorari* claiming that the Superior Court was without jurisdiction to default said action May 23, 1922, or to enter judgment therein May 26, 1923.

The action was defaulted after having been assigned for trial.   No irregularity in taking the default is alleged or has been shown and the claim that the court exceeded its jurisdiction in this respect is untenable.

The petitioner claims that under § 5062, General Laws 1923, the court was without jurisdiction to enter judgment against him May 26, 1923; that it could only enter a decision on that day for the amount found to be due.   This section has been construed several times, the last time being in the case of *Gregson* v. *Superior Court,* 46 R. I. 362, 128

A. 221. In that case it was pointed out that defaulted actions at law are divided into two general classes with reference to the entry of judgment, namely, defaulted unanswered cases and defaulted answered cases. Under authority of said section judgment may be entered in any defaulted unanswered action at law at any time on *ex-parte* motion and proper proof of claim. But in any defaulted answered case judgment can not be entered until the seventh day following the day of decision. There is a distinction between "decision" and "judgment" in our law and practice. § 4933, General Laws 1923; *Lavelle* v. *Kimball*, 18 R. I. 786. The case at bar is a defaulted answered case and the court erred in entering judgment May 26 instead of decision.

Petitioner claims that he was entitled to notice as required by § 4973, General Laws 1923, of plaintiff's motion that damages be assessed; that he had no such notice and that consequently the action of the court in assessing damages was illegal.

It has always been the practice to permit a defendant to be heard on the question of assessment of damages in a defaulted answered case. *Johnson* v. *Hoxsie*, 19 R. I. 703. The procedure for assessing damages in a defaulted answered case has been set forth in *King* v. *R. I. Co.*, 27 R. I. 112. When the action was defaulted on the day of trial the plaintiff could have had his damages assessed immediately, or on some day certain to which the case might be continued for that purpose, without further notice to the defendant. By permitting the case to be passed indefinitely the plaintiff became subject to the burden of filing a motion asking for the assessment of damages and giving the defendant notice as required by said § 4973. As it appears that plaintiff did not give petitioner any notice of his motion for the assessment of damages May 26, 1923, the question arises, can the petitioner take advantage in this proceeding of the plaintiff's omission to give notice of said motion? We must answer this question in the negative.

*Certiorari* is a prerogative writ and its issuance and the relief to be granted under it are discretionary.. It will not be employed by us to correct error that is technical or formal or which has caused no substantial injury to the petitioner. *Parker* v. *Superior Court,* 40 R. I. 214. *Cohen* v. *Superior Court,* 39 R. I. 272. It does not appear that the petitioner has suffered any substantial injury on account of plaintiff's failure to give notice of his motion for the assessment of damages or the entry of judgment on the day of the decision. ·Petitioner waited nearly twenty-two months after the entry of judgment before he filed this petition for a writ of *certiorari.* After such a lapse of time and want of due diligence the court will not issue this prerogative writ. It has been held that a petition for a writ of *certiorari* is analogous to a petition for a new trial where the time for review is limited to one year. *Cotter* v. *Town Council of Cumberland,* 29 R. I. 543.

For the reasons stated the writ of *certiorari* is quashed. The records and papers in the case of *Giragos Sahagian* v. *Bedros Sahagian* certified to this court by said Superior Court are returned to said court.

*McGovern & Slattery, Fred B. Perkins,* for petitioner.
*Frank H. Wildes,* for respondent.