Bedros Sahagian
vs.    Eq. No. 7390
Guaragos Sahagian et al.

September 21, 1925

BAKER, J. Heard on prayer for preliminary injunction.

The complainant is seeking to prevent the sale of his property under an execution obtained following a judgment in a certain action at law in which the parties hereto were reversed.

The broad claim in his bill is that the judgment in question was entered illegally; that he had no notice of the entry of the same or of the proof of damages, and that he is entitled to relief by reason of accident and mistake in connection with the entry of said judgment, and, more particularly, with the proof of damages in connection therewith.

The respondent, on the other hand, contends that the complainant has been guilty of neglect and laches; that questions analagous to the questions raised in the action at bar have already been before the Supreme Court in certiorari proceedings and there determined, and that this court as a court of equity has no general jurisdiction to prevent the sale after the levy of the execution in question following the judgment and proof of claim.

After giving the matter due consideration, the court is of the opinion that a court of equity in a proper proceeding, and provided the facts warrant it, has under its general equity powers jurisdiction to grant in-

junctions in connection with a judgment entered illegally or through accident or mistake.

Gilbane vs. Union Trust Co., 103 Atl. 485;

Furbush vs. Collingwood, 13 R. I. 720.

In regard to the matter of neglect and laches, the respondent relies chiefly upon the cases of Okie vs. Clancy, 27 R. I. 42, and Needle vs. Biddle, 32 R. I. 342. There is no question but what as a proposition of law the respondent's argument is sound, and in the two cases he has cited there clearly was neglect and laches on the part of the person seeking relief. In the case at bar, however, in the judgment of the court the testimony produced at the hearing and the record of the proceedings do not justify the court in saying that here the complainant has been guilty of neglect or laches. The record and the evidence show that at the time damages were assessed he had on file and undisposed of a motion to remove the default in the action of law, and, further, that he received no notice whatever of the hearing at which damages were assessed. Also, he had no knowledge of the issuing of the first execution, and it was not, apparently, until the present execution was actually levied on his property that he knew that there had been a proof of claim and that damages had been awarded against him. It appears to the court that since receiving this notice he has acted with reasonable promptness.

The court finds, therefore, that the complainant has not been guilty of neglect or laches so to bar him from bringing this proceeding.

It seems to the court that the complainant has established at least a prima facie case that the judgment which he has attacked was improperly obtained.

Sarhagian vs. Superior Court, 129 Atl. 813.

In this case the court lays down clearly the procedure to be followed in the case of defaulted answered cases where damages are sought to be proved, and it is clear that this procedure was not followed in the law case involved in the present proceeding. It is true, of course, as the respondent urges, that in the case above (Sarhagian vs. Superior Court), the Supreme Court refused to grant the complainant relief by way of ceritorari. It seems clear, however, from the opinion that the court did this because of the fact that certiorari is a prerogative writ and the relief granted under it is discretionary, and, also, because considerable time had elapsed between the entry of the judgment and the bringing of the petition for the writ, and the further ground that it did not appear in that proceeding whether or not the petitioner had suffered any substantial injury.

In the present case the court heard sufficient testimony to feel satisfied that there is at least a substantial question which ought to be decided by some tribunal as to the amount of the damages to which respondent in this proceeding is entitled.

The matter is now before the court in preliminary injunction and in the judgment of the court the matter should be held in statu quo and the complainant's property be not sold under the execution until the matter can be gone into fully.

The prayer for a preliminary injunction is granted.

For Complainant: McGovern & Slattery.

For Respondents: Frank H. Wildes.