## Jackson *v*. The State.

*Indictment against Agent of Foreign Insurance Company, for Violation of Revenue Law.*

*Agency of foreign insurance company ; when revenue license is necessary.* — The agent of a foreign insurance company, who keeps his office in West Point, Georgia, and there transacts his business, is not required to take out a license under the revenue law of 1868 (Sess. Acts 1868, p. 330, § 107), because he issues policies on houses located in Alabama ; nor is a single act of examining one house in this State, with a view to its insurance, sufficient to bring him within the provisions of said law, although a personal canvassing in this State for applications for insurance might subject him to its penalties.

FROM the Circuit Court of Chambers.

Tried before the Hon. L. B. STRANGE.

J. J. ROBINSON, for the defendant.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The defendant was convicted under an indictment charging him with carrying on the business of an agent of the London & Liverpool & Globe Insurance Company, without license. The proof was, that he issued two policies on houses in Chambers county, Ala. His office was in West Point, Georgia, though he lived in Chambers county, one mile from West Point. In one case the application was made out in the office, and the premium there paid. In the other, the application was made by letter, but the defendant personally examined the house, and forwarded the application from his office, where the premium was paid. The policy in the first case was dated " West Point, Georgia."

The revenue act of 1868, § 107, requires the license to specify the location where the business is to be established, and forbids it to be carried on at any other place. The insuring of houses in Alabama is not subject to license, where the insurer himself does not come within the jurisdiction of the State. A personal canvassing in the State for applications for insurance, though the agent had his office in another state, and there did

the principal part of the business, might, and probably would, be construed a carrying on of the business. In this case, however, the single act of examining one house cannot be so considered. The charge of the court, " If the property upon which the insurance was taken out was situated in this (Chambers) county, the defendant was liable to take out a license, though his office was in West Point, Georgia, and the application and insurance taken out there," was incorrect.

The judgment is reversed, and the cause remanded.