# American Building Loan & Tontine Savings Association v. Haley, *et al.*

*Bill to Foreclose a Deed of Trust.*

(Decided December 17, 1901.)

1. *Foreign corporations; duty to have resident agent and known place of business in Alabama; pleading.*—Where a bill filed by a foreign building and loan association to foreclose a deed of trust does not allege that the deed of trust was executed, or that the transaction giving rise to it was in any part had, in the State of Alabama, it is not necessary to show by the bill a compliance by complainant with the laws of Alabama

requiring foreign corporations doing business in this State to appoint here a place of business and an agent thereat.— Code, §§ 1316, *et seq.*

2. *Equity pleading; demurrer to bill.*—Where a bill seeks to foreclose a mortgage as to unpaid principal, as well as to interest charges, a demurrer directed to the bill as a whole is not appropriate to raise the question of usury in the contract.

APPEAL from Colbert Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

The bill was filed for the foreclosure of a certain mortgage or deed of trust alleged to have been executed by Mattie Haley to the American Building, Loan & Tontine Savings Association and R. J. Black as trustee. Said Mattie Haley died before the execution of process, and the suit was revived against her administrator and heirs at law. The bill shows that complainant was a corporation organized under the laws of the State of Tennessee, and that said Mattie Haley was a resident of Alabama; that the application for the loan was made at the office of the complainant in Memphis, Tennessee; that the mortgage was delivered to the Association in Tennessee and submitted to its directors for acceptance and approval there, and it became binding only when approved and accepted by them at said home office in Memphis, Tennessee. By the terms of the mortgage all dues and installments on loans were payable in Tennessee, and the mortgage made an exhibit to the bill, does not appear to have been acknowledged. The defendants demurred to the bill (1) because it is shown thereby "that said obligation and said mortgage to secure it were based upon and grew out of a transaction between the complainant and Mattie Haley in the State of Alabama; that said complainant Association is a foreign corporation, and it is nowhere in said bill alleged that said corporation had complied with the statutes of Alabama, authorizing foreign building and loan associations to do business in this State;" (2) because it appears from the bill and exhibit thereto that "said contract is usurious, indefinite and inequitable." From a decree sustaining these demurrers this appeal is prosecuted.

[American Building Loan & Tontine Savings Asso. v. Haley, *et al.*]

COOPER & FOSTER and R. C. BRICKELL, for appellant, cited *McGary v. Nicklin,* 110 Ala. 559; *Electric Lighting Co. v. Rust,* 117 Ala. 680; *Hayes v. Southern B. & L. Asso.,* 26 So. Rep. 527; *McCall v. American Freehold Land Mortgage Co.,* 99 Ala. 427; *Eslava v. National B. & L. Asso.,* 121 Ala. 480.

WILHOYTE & NATHAN, *contra,* cited *Farrior v. New Eng. Mortgage Security Co.,* 88 Ala. 275; *Sullivan v. Vernon,* 121 Ala. 372.

SHARPE, J.—In *Sullivan v. Vernon,* 121 Ala. 394, it was held that a foreign building and loan asociation was not entitled to relief upon a bill to foreclose a mortgage taken in the transaction of its corporate business in this State without alleging its compliance with the conditions as to appointing here a place of business and an agent, prescribed by the statute.—Code, §§ 1316 *et seq.* The absence of such allegation does not, however, subject such a bill to demurrer where the bill does not show on its fact that the transaction was had in this State. The principle governing is the same as that which in *Collier v. Davis,* 94 Ala. 456, was applied in condemnation of a plea which set up a similar statute in bar of a suit growing out of a loan by a foreign corporation, and failed to show affirmatively that the contract for the loan was made in this State.

The present bill does not as in the case of *Sullivan, supra,* disclose that the mortgage sought to be foreclosed, was executed here or that the transaction giving rise to it was in any part had in this State. That it evidenced an Alabama contract is not presumable merely from the facts that the land was here and the mortgagor resided here, and there is no law which prohibits a foreign corporation to make loans in the course of business done in its home State on security consisting of lands in Alabama.—*Elec. Lighting Co. v. Rust,* 117 Ala. 680.

The demurrer was not appropriate to raise the question of usury for the reason that it was directed to the bill as a whole and the bill was framed for foreclosure as to unpaid principal of the sum secured as well as for charges claimed to be usurious.

The decree sustaining the demurrer will be reversed and one will be here rendered overruilng the demurrer and allowing thirty days within which the bill may be answered. Let the cause be remanded for further proceedings.

Reversed and remanded.