# Ledger Publishing Co. *v.* Miller.

*Assumpsit.*

(Decided Dec. 8, 1910.  54 South. 52.)

1. *Appeal and Error; Presentation Below.*—Where the action was to recover money paid by mistake brought by the county treasurer on the allegation that it was paid by his deputy upon a warrant issued for an illegal appropriation, and the defendant made no pretension that the appropriation was legal, its illegality will be presumed on defendant's appeal.

2. *Payment; Recovery; Mistake of Fact.*—Where the board of revenue of a county drew warrants for an illegal appropriation which the county treasurer refused to pay upon presentation, and instructed his deputy not to pay, and the holder of the warrant stated at the time that it would look elsewhere for payment, but afterwards presented the warrants to the deputy of the county treasurer who did not recognize them as the warrants formerly refused, and paid them, whereupon the treasurer replaced the money, such treasurer had a right of action against the payee on the ground that the warrants were paid through mistake of fact.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by H. C. Miller against the Ledger Publishing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The third count was as follows: "Plaintiff claims of the defendant the sum of $65.81, with interest from August 6, 1907, for that he says on, to wit, August 6, 1907, a clerk in the office of the plaintiff, the plaintiff being the county treasurer of Jefferson county, by mis-

take paid to defendant at its request out of the county treasury $65,81, the amount of two warrants drawn by the president of the board of revenue of Jefferson county on the county treasurer in favor of the defendant, one of said warrants being numbered 356, dated July 2, 1907, for $40, and the other being numbered 545, dated August 6, 1907, for $25.81; the said warrants having been drawn for the purpose of paying to defendants on the accounts claimed by them against said board of revenue, or against Jefferson county, for advertising several notices of a local bill or bills proposed to be introduced and passed by the Legislature. And the plaintiff avers that his clerk in his office inadvertently paid said warrants after having been instructed not to pay them, and so paid out said money for and on account of said warrants by mistake and without authority; that said account was not a lawful claim against said county, and that, when the plaintiff discovered that same had been paid by his clerk out of the county treasury, he immediately thereupon, on, to wit, September 5, 1907, replaced in the county treasury the said amount of $65.81, which had been thus wrongfully paid out, and that said sum of $65.81, with interest from August 6, 1907, should be returned to him by the defendant; but defendant has been often requested to pay said sum, but has failed to do so, hence this suit."

The demurrers took the point that count 3 failed to show cause of action; that it merely showed a voluntary payment by the plaintiff of a certain sum, which fastens no liability on this defendant; that it fails to show any valid claim against the defendant; that it fails to aver a want or lack of authority on the part of the alleged clerk of said treasurer to pay such warrant; that it fails to aver the act showing a mistake in payment, and fails to show that the board of revenue of

[Ledger Publishing Co. v. Miller.]

Jefferson county was without authority to issue said warrant, because it shows a voluntary payment by the agent of the plaintiff; and that, if plaintiff has a remedy, it is against said agent.

JOHN H. MILLER, and A. LEO OBERDORFER, for appellant. The board of revenue is clothed with discretion in allowing claims and the warrants having been issued by them imported prima facie at least, a claim against the county.—Sec. 3313, par. 3, Code, 1907. Under the facts in this case the payment was entirely voluntary, and plaintiff cannot recover.—*Weekley v. Birmingham,* 2 Stew. 500; *Stevens v. Broadnax,* 5 Ala. 258; *Cahaba v. Burnett,* 34 Ala. 400; *Price v. Towsey,* 14 Am. Dec. 81; *Gulf C. C. Co. v. L. & N.,* 121 Ala. 621; 27 Cyc. 838. The treasurer repaid the money under full knowledge of all the facts, and fixed no liability on appellant.—*So. Ry. Co. v. Florence,* 141 Ala. 493; *Feemster v. Markham,* 19 Am. Dec. 131.

NATHAN L. MILLER, for appellee. On either theory of the case plaintiff is entitled to recover. First, the money was extracted from the county of Jefferson illegally, and the treasurer was under a moral and legal liability to replace the same, and having done so he was entitled to sue. Second, that the board of review exceeded its authority, and that the warrants were void, and that under the facts as agreed on, the money was paid by mistake. There is no common law liability against counties in this state.—*Barbour Co. v. Horn,* 48 Ala. 657. Counties can be charged only with such expenses as are authorized by law.—*Van Epps v. Comm.,* 25 Ala. 460; *Mitchell v. Tallapoosa Co.,* 30 Ala. 131; *Naftel v. Montgomery Co.,* 127 Ala. 567. The allowance of claims is a ministerial and not a judicial act.—*Jefferson P. Co. v. Higgins,* 105 Ala. 576; *Comm. v. Moore,*

53 Ala. 25; *Posey v. Mobile Co.,* 50 Ala. 6. The payment was not a voluntary payment.—25 Cyc. 835; *Beard v. Horton,* 86 Ala. 201; *Smith v. Seaton,* Minor. 75; *Steinor Bros. v. Clisby,* 103 Ala. 181; *Thompkins v. Reynolds,* 17 Ala. 109; *Byron v. Wilson,* 27 Ala. 208; *Young v. Lehman,* 63 Ala. 519; *Rushton v. Davis,* 127 Ala. 288; 31 Cyc. 1605.

McCLELLAN, J.—The appellant rendered accounts against the county of Jefferson for publishing certain notices, signed by a member of the Legislature, preparatory to the introduction of proposed local laws, for that county, in the lawmaking body. The county authorities issued warrants for the amount of each account, in favor of the publisher. Upon first presentation to the treasurer of the county, he declined payment on the ground that for such services the county was not liable, and that its funds could not be legally devoted to the satisfaction of that character of demand. Subsequently the clerk of the treasurer (in the absence of the treasurer, and without knowing that said warrants were the same as those previously declined payment by the treasurer himself) paid them to the appellant. The treasurer repaid the amount of the warrants to the county. On demand, appellant refused to reimburse him for the amount so repaid by him to the county. The action is stated by the common counts, and a special count, numbered 3, setting forth the facts indicated above.

There are only two assignments of error—the first, complaining that the third count was improperly held good against demurrer; and the second, that the judgment was erroneously rendered. The latter is without merit, if the count sufficiently set forth a state of facts out of which a liability to repay the money, so paid by

the appellee, arose against appellant; for the agreed statement of facts supports, without doubt, the allegations of the count. Since it is not contended to the contrary, we assume that, in fact, the county funds could not be legally appropriated to the liquidation of the accounts to satisfy which the warrants paid were issued by the county authorities. The payment of the warrants was, therefore, illegal, and the treasurer was liable to the county for the return of the sum thereof to the county treasury. Accordingly his repayment of the money was an act consistent with his liability.

It is recited in the agreed statement of facts that the treasurer's clerk, D. B. Hickman, "relying upon the statement of D. N. Smith (made upon the occasion of the first presentation of the warrants, we interpolate) that he intended to look elsewhere and to other parties for the payment of said claim, and not suspecting that said warrants presented to him (Hickman) for payment were the said warrants which he (Hickman) had been instructed not to pay, but believing them to be other warrants for another claim, or other claims, and under such mistake paid out of the county treasury to the said D. N. Smith, as agent of the said Ledger Publishing Company, the amount of said warrants, viz., $65.81, making no objection to such payment at that time." From these facts it must be concluded that the payment of said warrants by Hickman was the result of mistake of fact, and that, therefore, the appellee had his right of action, as set forth in his complaint, against the Ledger Publishing Company, to recover the sum so paid to it under mistake of fact as indicated.

While it appears to the writer that the stated conclusion of his Associates is sound, he prefers to ground his conclusion, primarily, upon these summarily stated considerations: The fund out of which these warrants

were without legal authority paid was a trust fund. The Ledger Publishing Company, which received the sum of such warrants, was not entitled thereto. The county of Jefferson could have sought and secured the recovery thereof from the Ledger Publishing Company, notwithstanding there was no fraud, or mala fides affecting the presentation or payment of the warrants. The existing liability of the treasurer upon his bond to the county was not exclusive.—*Wolffe v. State,* 79 Ala. 201, 58 Am. Rep. 590; *Taylor County v. Standley,* 79 Iowa, 666, 44 N. W. 911. The appellee having satisfied a liability on this account against the Ledger Publishing Company in favor of the county of Jefferson, the law implied a promise on the part of the Ledger Publishing Company to reimburse him in the sum so paid by him in satisfaction of the liability of the company to the county. The principle applicable is stated and illustrated in *Beard v. Horton,* 86 Ala. 202, 204, 5 South. 207; *Walker v. Smith,* 28 Ala. 569. See 27 Cyc. pp. 833-836. Whether the warrants were paid voluntarily, or under mistake of law or of fact, does not, in my opinion, affect the question.

The demurrer was properly overruled. The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.