# Covey Cotton Oil Co. v. Bank of Ft. Gaines.

### Conversion.

(Decided January 30, 1917.   Rehearing denied February 6, 1917.
74 South. 87.)

**1. Bills of Exceptions; Filing.**—Where it appears that the bill of exceptions was signed within 90 days after judgment, the fact that the trial judge failed to endorse on the same the date it was presented to him, does not require a striking of the bill.

**2. Corporation; Foreign; Doing Business in this State.**—Where a debt is contracted at the domicile of the foreign corporation, and it receives a mortgage executed within this state, and binding property therein to secure the debt, such action was not doing business within the state, as the execution of the mortgage was the act of the mortgagor; hence, such a mortgage will not be set aside on the ground that the foreign corporation was not licensed to do business in this state.

**3. Mortgages; Place of Execution.**—Although the mortgage was on property in Alabama, and its caption read:  "State of Alabama, Barbour County," yet where the signature of the mortgagor was witnessed by a notary public of the state of Georgia, the mortgage did not show on its face that it was executed in Alabama.

**4. Corporation; Doing Business.**—A foreign corporation may make loans in the state of its domicile, secured by mortgage on property located in Alabama, although it is not licensed to do business in Alabama.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. Sollie.

Action by the Bank of Fort Gaines against the Covey Cotton Oil Company for conversion.  Judgment for plaintiff and defendant appeals.  Affirmed.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals and the writ denied.  See *Covey Cot. O. Co. v. Bank of Ft. Gaines*, 75 South. 1003.)

McDOWELL & McDOWELL, and GEORGE W. PEACH, for appellant.  A. H. MERRILL & SONS, for appellee.

BROWN, J.— (1)  The judgment from which this appeal was prosecuted was rendered on the 3d day of December, 1914, and while the trial judge failed to indorse on the bill of exceptions the date it was presented to him for his signature, the bill shows

on its face that it was signed on the 27th day of February, or within 90 days from the day of the rendition of the judgment.

While the statement in the bill, "The said bill of exceptions having been tendered within the time prescribed by law," will not be regarded, the date of the signing being within 90 days is conclusive that it was presented in time, and the motion of appellee to strike the bill from the record is overruled.—*Brannan v. Sherry,* 195 Ala. 272, 71 South. 106.

The plaintiff, a foreign banking corporation doing business at Fort Gaines, Ga., sues for the conversion of property, claiming title to the property alleged to have been converted by the defendant through a mortgage executed by J. A. Hobbs, and duly filed for record and recorded in the office of the probate judge of Barbour county at Eufaula, Ala. The property alleged to have been converted is cotton seed produced by said Hobbs on his plantation in Barbour county, and the undisputed evidence shows that the defendant purchased the seed from Hobbs in Eufaula at its place of business.

(2) The contention of appellant is that the mortgage shows on its face that it was executed in Alabama, and, the mortgage being executed to plaintiff, a foreign corporation that had not qualified under our Constitution and statutes to do business in this state, that the fact of the execution of the mortgage by Hobbs to the plaintiff in this state was doing business in violation of the statutes, and the mortgage is void on its face, and its recordation did not operate as notice to the defendant. The further contention is made that, the mortgage being void on its face, the court erred in allowing the plaintiff to show that the entire transaction between the plaintiff and Hobbs, including the execution and delivery of the mortgage, took place in the state of Georgia.

We cannot sustain either of the appellant's contentions. The mere fact that Hobbs executed the mortgage in Alabama on property in Alabama to secure an indebtedness contracted in the state of Georgia to the plaintiff, a foreign corporation, cannot in any sense be said to be the exercise of a corporate function by the corporation in this state. The act of executing the mortgage is the act of the mortgagor, and is a mere incident to the transaction, and could not become effective until its delivery to the mortgagee.

[Covey Cotton Oil Co. v. Bank of Ft. Gaines.]

In the recent case of *Citizens' National Bank v. Bucheit,* 14 Ala. App. 511, 71 South. 82, we had occasion to consider this question, and there held that the fact that a note was executed and delivered to an agent of a foreign corporation for an indebtedness contracted in Tennessee was not doing business by the corporation in this state in violation of the statutes.  This case has recently been reviewed by the Supreme Court and affirmed. And in the more recent case of *Puffer Mfg. Co. v. Kelly,* 198 Ala., 73 South. 403, the Supreme Court holds that when an act, though done in this state, is a mere incident to the transaction of interstate commerce, it is not a violation of the statutes.

(3, 4)  While the mortgage is headed "The State of Alabama, Barbour County," the signature of the mortgagor is witnessed by "W. L. Pullin, N. P., Clay County, Ga."  So it cannot be said that the mortgage shows on its face that it was executed in Alabama; and even if it did so appear on the face of the mortgage, it was permissible for the plaintiff to show that the "business was transacted" in Georgia, and that the mortgage was there executed and delivered.  It has been held that:

"There is no law which prohibits a foreign corporation to make loans in the course of business done in its home state on security consisting of lands in Alabama."—*American Banking, Loan & Tontine Savings Association v. Haley, et al.,* 132 Ala. 135, 31 South. 88; *Collier & Pinckard v. Davis Bros.,* 94 Ala. 456, 10 South. 86; *Electric Lighting Co. of Mobile v. Rust,* 117 Ala. 680, 23 South. 751.

The evidence shows without dispute that the defendant purchased the cotton seed covered by the mortgage.

This disposes of the only questions argued by appellant.

Affirmed.