(76 South. 914)

HOLMAN v. DURHAM BUGGY CO. (4 Div. 740.)

(Supreme Court of Alabama. Nov. 15, 1917.)

CORPORATIONS ☞642(3)—FOREIGN CORPORATIONS — COLLECTION OF DEBTS—NOTES — "TRANSACTING BUSINESS."

Settlement of account and balance between foreign corporation and debtor, who gave notes for the balance due, was a mere collection of debt, and not a transaction of such corporation within the state, so that it could recover on the notes, though it had not complied with Const. 1901, § 232, and Code 1907, § 3642, stating requirements of foreign corporation be-

fore being allowed to do business within the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transacting Business.]

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action by the Durham Buggy Company against J. D. Holman. Judgment for plaintiff, and defendant appeals. Affirmed.

H. L. Martin, of Ozark, for appellant. J. E. Z. Riley, of Ozark, for appellee.

SOMERVILLE, J. The action is on two promissory notes, given by defendant to plaintiff in settlement of balances due on account for buggies sold by plaintiff, a North Carolina corporation, to defendant, a resident of Alabama. The sales were clearly acts of interstate commerce, which defendant concedes, but he denies liability on the notes on the theory that their subsequent execution and acceptance in settlement of balances was no part of the original transaction, and not interstate commerce, especially in view of the provision for attorney's fees incorporated in the notes, and securing an advantage to plaintiff not contemplated when the buggies were originally sold.

It is conceded that plaintiff has not complied with the laws of Alabama (Const. § 232; Code, § 3642), imposing certain requirements upon foreign corporations as a condition to their lawful transaction of business within the state; and the sole question of merit presented by the record is whether or not the settlement of balances of accounts between the parties, by the notes sued on, providing for attorney's fees for their collection if not duly paid—the transactions in question occurring in Alabama, and being conducted by plaintiff's agent sent here for that purpose—was the transaction of corporate business within the state of a local character, and no part of interstate commerce. If it was interstate commerce, or an ordinary incident thereof, the validity of the notes cannot be impeached.

It has been several times held that the lending of money in Alabama by a foreign corporation is a business transaction within the inhibition of the state laws referred to, and that a mortgage security therefor, on local property is not valid without precompliance with the laws. Farrior v. N. E. M. S. Co., 88 Ala. 275, 7 South. 200; State v. Bristol Sav. Bk., 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141. But in those cases the invalidity of the security was clearly predicated upon the unlawful character of the business transaction—a direct exercise of corporate function—of which it formed a part. Dudley v. Collier, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55. On the other hand, our decisions have made it perfectly clear that the mere collection of validly created debts—and, a fortiori, their securement by note or

otherwise—though within the general corporate powers, is not the transaction of corporate business within the meaning of our inhibitory laws. Beard v. Union, etc., Pub. Co., 71 Ala. 60; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 South. 941, 25 L. R. A. 543; Heflin Co. v. Hilton, 124 Ala. 367, 27 South. 301; State v. Anniston Rolling Mills, 125 Ala. 121, 27 South. 921. See, also, 19 Cyc. 1280, I, and cases cited.

On the undisputed facts, the notes in suit were given for a valid consideration, and plaintiff is entitled to enforce them, including their stipulations for the contingent payment of attorney's fees. It results that the general affirmative charge was properly given for plaintiff. As the question discussed is decisive of the merits of the case, we do not consider immaterial questions of pleading and evidence presented by the assignments and argued in brief.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.