FRIES v. ACME WHITE LEAD & COLOR WORKS. (6 Div. 911.)*

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 19, 1921.)

1. Corporations ⬅514(1) — Plea of nul tiel corporation to an amended complaint held not good as against demurrers.

Where to meet the demand of defendant's demurrer, a complaint was amended by adding "a corporation" after plaintiff's name, and to the amended complaint defendant filed a verified plea, seeking to conform to Code 1907, § 3969, denying that plaintiff was a corporation, it was held, that it was necessary that the facts pleaded should be in time corresponding to that when the action was brought, and that the plea was not good as against demurrers on the ground that it did not aver that plaintiff was not a corporation at the time suit was commenced and did not state sufficient facts to constitute a plea of nul tiel corporation.

2. Pleading ⬅8(2)—Plea, denying plaintiff legally authorized to maintain suit, a conclusion, demurrable.

In an action for goods sold, a plea denying that plaintiff was legally authorized under the state's laws to maintain the suit was a conclusion and subject to demurrer.

3. Pleading ⬅194(4) — Sustaining demurrers to pleas on matter admissible under general issue not error.

In an action for goods sold, where evidence that the debt was that of another than defendant, which defendant had not agreed in writing to pay, was admissible under the general issue, sustaining demurrers to pleas setting up such defense was not error.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by the Acme White Lead & Color Works against Mrs. Richard H. Fries on the common counts. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 201 Ala. 613, 79 South. 45.

Plea 1 is as follows:

This defendant denies that plaintiff is a corporation.

Plea 2 is as follows:

This defendant denies that the plaintiff is legally authorized, under the laws of this state, to maintain this suit.

Pleas 6, 7, and 8 set up, in effect, that the obligation sued on is not the obligation of the defendant, but is the obligation of another, to wit, Richard Fries, which this defendant has not agreed in writing to pay.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The plea of nul tiel corporation was sufficient, and not subject to the demurrer. Sec-

tion 3969, Code 1907; 88 Ala. 271, 6 South. 909; 201 Ala. 482, 78 South. 388; 3 Cook, Corp. 753. One of the pleas is a plea of the statute of frauds, and the court erred in sustaining demurrers to it. 76 Ala. 351.

Ritter & Wynn, of Birmingham, for appellee.

The court did not err in sustaining demurrers to the pleas. 10 Cyc. 1358; 14 C. J. 829; 141 La. 70, 74 South. 634; 197 Ala. 10, 72 South. 314.

MERRITT, J. This is a suit on the common counts for goods, wares, and merchandise, sold by the plaintiff to defendant, and appears to have been commenced in the inferior court of Birmingham in 1911, and appealed to the circuit court of Jefferson county. This is the second appeal to this court. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 South. 45.

[1] It appears that at the last trial, and in December, 1919, the plaintiff, to meet the defendant's demurrer, amended the complaint, by adding "a corporation," after the name of the party plaintiff. To the amended complaint the defendant filed a verified plea, alleging, among other things, that "this defendant denies that plaintiff is a corporation." To this plea the plaintiff demurred, assigning, among other grounds, that "said plea does not aver that the plaintiff was not a corporation at the time this suit was commenced," and because "said plea does not state sufficient facts to constitute a plea of nul tiel corporation." The demurrers were sustained, and the ruling of the court in so doing is made the basis for assignment of error. We do not think that the plea was good in the face of specific demurrers pointing out the objections thereto. While the plea, in the case of Johnson v. Hanover National Bank, 88 Ala. 271, 6 South. 909, is somewhat like the one here, it will be noted that the court declared that it was in substance a plea of nul tiel corporation, and was error to strike it on motion. It would for the same reason have been error to strike the plea in the instant case, as it was not incapable of amendment. But the sufficiency of the plea here is tested by a demurrer, pointing out the insufficiency thereof. The defendant's plea being one sought to conform to the provisions of section 3969, Code of Alabama 1907, it was necessary that the facts pleaded should be in time corresponding to that when the action was brought. Fletcher's Cyclopedia of Corporations, vol. 4, p. 4623; Coates v. Calena et al., 18 Iowa, 277. "Whether the plaintiff's corporate existence is questioned by means of a plea in abatement, or by plea in bar, or by answer, the matter should be set out with precision, and should be direct and positive." 5 Enc.

Pleading and Practice, p. 88; Northumberland County Bank v. Eyer, 60 Pa. 436. For aught that appears from the plea, the plaintiff may or may not have been a corporation at the time of the filing of the suit, some eight years previous.

[2] Plea 2 is a conclusion of the pleader, and was subject to the demurrer interposed. Empire Clothing Co. v. Robert Johnson & Rand Shoe Co., 16 Ala. App. 86, 75 South. 634; Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 South. 314.

[3] That the debt was that of another other than the defendant, that of the husband of the defendant, were matters that were admissible under the general issue; hence there was no error in sustaining demurrers to pleas 6, 7, and 8.

Under the complaint it was necessary for the plaintiff to recover to prove that the goods were sold to the defendant.

We find no reversible error, and the judgment appealed from is affirmed.

Affirmed. ·

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes