(92 South. 423)

## Ex parte FRIES. (6 Div. 518.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Dec. 24, 1921. Addenda Feb. 11, 1922.)

1. **Corporations** 517—**Plea denying that plaintiff is a corporation must be verified by affidavit.**

A plea that "this defendant denies that plaintiff is a corporation" is a plea nul tiel corporation and under Code 1907, § 3969, must be verified by affidavit.

2. **Corporations** 514(1)—**Pleading** 8(6) —**Plea denying plaintiff corporation was legally authorized under law to sue, held subject to demurrer as stating conclusion of pleader.**

A plea that "this defendant denies that the plaintiff is legally authorized under the laws of this state to maintain this suit" was subject to a demurrer as being a conclusion, since the plea should have referred its denial to the time when the action was commenced, or should have alleged such a subsequent dissolution as operated to abate the action.

Certiorari to Court of Appeals.

Petition of Mrs. Richard H. Fries for certiorari to the Court of Appeals to review and revise the judgment of said court rendered on the appeal of Mrs. Richard H. Fries v. Acme White Lead and Color Works, 18 Ala. App. 267, 92 South. 34. Writ denied.

Harsh, Harsh & Harsh, B. M. Allen and Henry Upson Sims, all of Birmingham, for appellant.

The plea was a good plea of nul tiel corporation, and the court erred in sustaining the demurrers thereto. 88 Ala. 273, 6 South. 909; 201 Ala. 271, 78 South. 47; 95 Ala. 251, 10 South. 521; 10 Cyc. 1356; 3 Cook on Corporations, 753; 14 C. J. 829, and note. The plea must be held to speak from the time of the commencement of the suit, and must be read and considered in connection with and in the light of the pleading it purports to answer. 201 Ala. 290, 78 South. 68; 3 M. & W. 442; 7 L. J. Ex. 154; 1 N. J. Law, 363. Pleas 6, 7, and 8 were pleas of the statute of frauds and required special pleading. 78 Ala. 351; 110 Ala. 132, 20 South. 123; 100 Ala. 432, 14 South. 281; 86 Ala. 487, 5 South. 867.

Ritter & Wynn, of Birmingham, for appellee.

Counsel rely upon the authorities cited in the opinion of the Court of Appeals rendered on the appeal in this case.

McCLELLAN, J. The plaintiff, "Acme White Lead & Color Works, a corporation," stated its case in common counts. The defendant, present petitioner, interposed among other verified pleas these:

"(1) This defendant denies that plaintiff is a corporation. (2) This defendant denies that the plaintiff is legally authorized under the laws of this state to maintain this suit."

The opinion of the Court of Appeals, affirming the trial court's action in sustaining demurrers to these pleas, is reported in 92 South. 34.[1] In both the cases of Johnson v. Hanover Nat. Bank, 88 Ala. 271, 6 South. 909, and Ashurst v. Arnold & Co., 201 Ala. 480, 78 South. 386, the subject under review was the action of trial courts in sustaining motion to strike—a materially different matter from review of rulings on demurrer to pleading, as is distinctly recognized in the last column of the opinion in Ashurst v. Arnold, supra. Apart from other considerations, the deliverance in the Johnson Case, supra, could not have involved decision upon the sufficiency of the plea on demurrer, for the reason that no such question was presented by the record in that case.

[1, 2] Pleas 1 and 2, quoted above, are distinct in nature. The design of plea 1 refers it to the category of pleas nul tiel corporation —"no such corporation." Black's Law Dict.; 29 Cyc. p. 1293. Pleas of that character are designed to deny the *existence* of the corporation; and it is to such pleas, viz. denying the existence of the corporation, or partnership, that Code, § 3969, refers in establishing its rule. Plea 2 is similar, in substance, to the plea quoted on page 273 of 88 Ala., 6 South. 909 (Johnson v. Hanover Nat. Bank). There, as well as in present plea 2, the design was to assert that plaintiff was not "authorized by law to maintain this suit." In neither the Johnson Case nor the case at bar did the plea under consideration (plea 2, quoted ante) aver the *nonexistence* of the corporation plaintiff. Hence it was a mistake in the Johnson Case to employ even general terms interpreting that plea as a plea nul tiel corporation—as a plea denying the *existence* of the plaintiff corporation. Plea 2 was, as decided by the Court of Appeals, subject to the demurrer taking the objection that it was a conclusion of the pleader: "Empire Clothing Co. v. Roberts, Johnson & Rand Shoe Co., 16 Ala. App. 86, 75 South. 634; Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 South. 314." This plea 1 (materially different from plea 2) imported a denial of the plaintiff's corporate existence; but its sole denial was in the present tense. Certainly, at hearing on demurrer, it was to be so regarded. A plea denying a plaintiff's corporate existence *after action commenced* is a materially different plea from one denying such corporate existence at the time the action was instituted. Dissolution of a corporation pending suit does not necessarily determine the corporate right to proceed to judgment in its then pending action. See Code, § 3516. The plea should have referred its denial to the time the action was commenced, or it should have alleged such a subsequent dissolution as operated (if so) to abate the action. 5 Encyc. Pl. & Pr. pp. 88, 89; Northumberland Bank v. Eyer, 60 Pa. 436, by Sharswood, J.

The judgment of affirmance entered by the Court of Appeals was well advised.

The application for rehearing is overruled.

All the Justices concur, except SAYRE, J.

Addenda.

With reference to the trial court's action in sustaining demurrers to pleas 6, 7, and 8, this court, upon reconsideration, again reaffirms this pertinent ruling of the Court of Appeals:

"That the debt was that of another, other than the defendant, that of the husband of defendant, were matters that were admissible under the general issue, hence there was no error in sustaining demurrers to pleas 6, 7, and 8. Under the complaint it was necessary for the plaintiff to recover to prove that the goods were sold to the defendant." (Italics supplied.)

Application for rehearing overruled.

All the Justices concur.