**JONES et al. v. MOSBY, BAGLEY & CO., Inc. (8 Div. 985.)**

(Court of Appeals of Alabama. Oct. 16, 1923. Rehearing Denied Nov. 13, 1923.)

Pleading &8(2)—Of invalidity of contract of nonresident corporation must state facts showing invalidity.

It is incumbent on one seeking to invalidate a contract with a foreign corporation because of its noncompliance with Code 1907, § 3642, or because of its failure to pay the franchise tax required by sections 3647-3649, to plead facts, not conclusions, showing that the making of the contract constituted doing business in the state, or that it arose out of a transaction in the state, and that the corporation was unqualified.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Action on promissory note by Mosby, Bagley & Co., Inc., against W. T. Jones and Charley Jones. From a judgment for plaintiff, defendants appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte W. T. Jones et al., 210 Ala. 377, 98 South. 314.

Pleas 1, 2, 3, and A are as follows:

"(1) That the plaintiff should not have and maintain this cause of action, for that the note, the subject of this suit, was executed by the defendants to P. W. & R. L. Hendricks, and P. W. & R. L. Hendricks transferred and assigned to Fulton Cotton Mill Company, said Fulton Cotton Mill Company thereby became the owner and holder of said note; that the plaintiff is a nonresident corporation of the state of Alabama, being a corporation existing under the laws of the state of Tennessee, and that the plaintiff, being a nonresident corporation of

Alabama, was engaged in the business of buying and selling cotton in the state of Alabama, maintaining offices and agents in the state of Alabama; that in pursuance of their business as cotton buyers and sellers they maintained an office in Athens, Ala., during the years, to wit, 1919, 1920, and 1921; that said plaintiff, in the course of its business as cotton buying and selling, sold to the Fulton Cotton Mill Company, of Athens, Limestone county, Ala., supplies of cotton, and delivered same to said Fulton Cotton Mill Company, and in payment of said cotton so sold and delivered to the Fulton Cotton Mill Company the plaintiff received the note of the defendants; and the defendants say that at the time the plaintiff received the note sued on from the Fulton Cotton Mill Company that the plaintiff was a nonresident corporation of the state of Alabama, and had no permit as required by law to do business in the state of Alabama. Wherefore defendants say that the plaintiff cannot recover.

"(2) Further answering the complaint, the defendants adopt all of plea No. 1, down to the words 'state of Alabama,' where the same occur in the third to the last line of said plea, and add thereto the following: And had not filed a written statement, under the seal of the corporation and signed officially by the president and secretary thereof, designating at least one known place of business in this state, and an authorized agent or agents residing thereat, as required by law. Wherefore the defendants say that the contract so entered into by and between the Fulton Cotton Mill Company, and the plaintiff is null and void, and plaintiff cannot recover.

"(3) For further answer to the complaint, the defendants say that the plaintiff is a corporation organized under the laws of the state of Tennessee; that at the time plaintiff came into possession of the note sued on; that said plaintiff was engaged in business in the state of Alabama, and received said note in the course of their business operations in Alabama; and that the said plaintiff failed to pay its franchise tax in the state of Alabama during the year it received said note. Wherefore it cannot recover.

"A. The defendants, for answer to the complaint, say that the plaintiff corporation is a foreign corporation, and had not, at the time it became the owner of the instrument or note sued on in this cause, complied with the provisions of section 232 of the Constitution of Alabama of 1901, which among other things provides: 'No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the Secretary of State a certified copy of its articles of incorporation or association.' Nor has it complied with section 3642 of the Code of Alabama of 1907, which provides: 'Every corporation not organized under the laws of this state shall, before engaging in or transacting any business in this state, file an instrument of writing, under the seal of the corporation and signed officially by the president and secretary thereof, designating at least one known place of business in this state and an authorized agent or agents residing thereat.' Nor has it complied with section 3643 of the Code of Alabama of 1907, which

provides: 'Such instrument, when filed by a corporation engaged in any business of insurance, must be filed in the office of the insurance commissioner, and when filed by a corporation engaged in any other business than that of insurance, must be filed in the office of the secretary of state.' Defendants further allege that in the procuring of this note or note sued on in this cause, and in the contract whereby it became the owner of said note, the plaintiff corporation was doing business in the state of Alabama, without having complied with the provisions of the Constitution and statutes hereinabove set out, and the plaintiff corporation cannot maintain this action."

R. B. Patton, of Athens, for appellants.

All contracts or undertakings with or by a foreign corporation, which has not obtained a permit to do business in this state and paid the franchise tax required, are null and void. Code 1907, § 3642 et seq.; Citizens' Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82; Geo. W. Muller Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762; Ala. West. Ry. v. Talley-Bates Co., 162 Ala. 396, 50 South. 341; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 South. 403; Langston v. Phillips, 206 Ala. 174, 89 South. 523; American Co. v. East Lake Co., 174 Ala. 526, 56 South. 961; Ware v. H. B. Shoe Co., 92 Ala. 145, 9 South. 136.

J. G. Rankin, of Athens, for appellee.

No brief reached the Reporter.

BRICKEN, P. J. Appellee brought suit on a promissory note made by appellant to Hendricks Bros., and transferred and assigned by Hendricks Bros. to the Fulton Cotton Mill Company, and by Fulton Cotton Mill Company transferred and assigned to the appellee. All transfers were made before maturity. Appellants filed various pleas by which they undertook to set up that appellee was a foreign corporation, doing business in Alabama, without having complied with the state laws authorizing them to transact business in the state of Alabama. Demurrers to these pleas were sustained by the court. This appeal is upon the record.

In order to show that a given contract with a foreign corporation is invalid, because of transaction of business in this state while unqualified it is incumbent on the pleader to clearly show that the particular contract involved (a) was made in this state, (b) and that the making of such contract constituted doing business in this state, or that the contract arose out of a transaction in this state, (c) and that the corporation was unqualified. Code 1907, section 3642. Leverett v. Garland Co., 206 Ala. 556, 90 South. 343. The facts showing such to be the case and not conclusions should be pleaded. We are of the opinion that a similar rule applies where an attempt is made to show the in-

validity of a contract because of the failure to pay the franchise tax required by sections 3647-3649 of the Code of 1907.

Under the announced ruling, each of the pleas were defective in one or more particulars. The demurrer thereto was properly sustained, and the judgment of the trial court is affirmed.

Affirmed.