(108 So. 397)

JEMISON v. TOWN OF FT. DEPOSIT.
(3 Div. 756.)

(Supreme Court of Alabama. April 22, 1926.)

1. Statutes ☞255 — Under statute authorizing cities and towns to issue bonds "within one year from passage of this act," limitation of time ran only from date on which Governor approved the act (Gen. Acts 1907, p. 694, § 1).

Under Gen. Acts 1907, p. 694, § 1, giving cities and towns power "within one year from passage of this act" to pay any outstanding indebtedness not evidenced by bonds, by issue of bonds, time within which bonds might issue ran only from date on which act is approved by Governor.

2. Appeal and error ☞78(4)—Judgment "that defendant go hence and recover of plaintiff all costs in this behalf expended, for which let execution issue," held sufficient to give jurisdiction on appeal.

Judgment of nonsuit, providing "that defendant go hence and have and recover of

plaintiff all costs in this behalf expended, for which let execution issue," though lacking formal correctness, *held* sufficient to dispose of case and so give jurisdiction on appeal.

Petition by the Town of Ft. Deposit for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Jemison v. Town of Ft. Deposit, 108 So. 396. Writ denied.

L. A. Sanderson, of Montgomery, J. R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for petitioner.

The final passage of the act was August 7, 1907. 25 R. C. L. 799; State v. Mounts, 36 W. Va. 179, 14 S. E. 407, 15 L. R. A. 243; 6 Words and Phrases, 5217. There is no judgment of the circuit court granting nonsuit and dismissing the cause. Lathrop v. Pioneer, 207 Ala. 522, 93 So. 427.

London, Yancey & Brower, of Birmingham, opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. [1] The opinion of the Court of Appeals in this case is approved. 108 So. 396. We think the purpose of the act in question was to give cities and towns one year in which to issue bonds for the payment of outstanding indebtedness not evidenced by bonds, and that the limitation of time within which such bonds might issue began to run only when the power to issue came into being, viz., from the approval of the Governor, which, in the circumstances of this case, fixed the date of the birth of the law. In other words, we think the controlling idea as to time was to give cities and towns one year in which to issue bonds. This they would not have under the interpretation of the act for which petitioner contends.

[2] As for the other point taken in petitioner's brief against the decision of the Court of Appeals, viz., that the Court of Appeals had no jurisdiction in the premises in the absence of a formal judgment in the trial court granting the nonsuit and dismissing the action: The judgment was "that the defendant go hence and have and recover of the plaintiff all costs in this behalf expended, for which let execution issue." This judgment may have lacked something of formal correctness, but it sufficed to dispose of the cause, and so gave jurisdiction on appeal. We find nothing to the contrary in Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427, or the cases there cited.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.