187 So. 462

### FRANKLIN LIFE INS. CO. v. WARD.

### 7 Div. 545.

Supreme Court of Alabama.

Feb. 9, 1939.

Rehearing Denied March 30, 1939.

476

Roger C. Suttle and O. R. Hood, both of Gadsden, for appellant.

Irby A. Keener and Reed & Reed, all of Centre, for appellee.

THOMAS, Justice.

The suit was in common counts to recover money paid by mistake on a life insurance policy. The plaintiff directed replications to defendant's special pleas, and demurrers to the replications were overruled.

The issues were joined upon defendant's pleas 1 to 7 as an answer to the complaint, and on plaintiff's replications directed to the respective pleas.

Replication 2 sets out plaintiff's cause of action for the recovery of the money paid by mistake and the policy of insurance in question was made a part thereof by exhibit. Grimsley v. First Avenue Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

█ The rule of good pleading is that in a suit at law the plaintiff (1) must prevail, if at all, upon the facts stated in his complaint; the defendant upon those stated in the pleas: and (2) whatever the parties may respectively allege in their subsequent pleadings "must go to fortify the declaration or complaint on one side and the plea on the other." The well recognized rule is:

"The replication must, therefore, so answer the plea, as to support the declaration—the rejoinder, in answering the replication, must support the plea; and in the same manner, the surrejoinder must support the replication; the rebutter, the rejoinder; and the surrebutter the surrejoinder. (a) The process being thus conducted, that which is last pleaded, on either side, necessarily goes in support of what was first pleaded, on the same side. Thus a good surrebutter virtually supports the declaration; inasmuch as it directly supports the surrejoinder, which directly supports the replication, and which last directly supports the declaration. (b) In the same manner, a good rebutter consequently fortifies the plea; since it goes directly in support of the rejoinder, which directly supports the plea.

"The dereliction of the first ground of a complaint or defence, and the substitution of another in violation of these principles, constitute what is called a departure in pleading; * * *." [Will's Gould on Pleading, 6th Edition, pp. 93, 94.]

The case was tried upon replication 2 and defendant's rejoinder or denial of the facts averred in that replication.

█ The judgment entry was a finality of the controverted issues and decided against plaintiff, who was taxed with the costs. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; State v. Grayson, 220 Ala. 12, 123 So. 573; Jemison v. Town of Ft. Deposit, 214 Ala. 471, 108 So. 397; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Alston v. Marengo County Board of Education, 224 Ala. 676, 141 So. 658; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427.

█ The original contract of insurance was by a foreign corporation, appellant, who had not complied with the Constitution and laws of this state, relating to foreign corporations doing business herein. Its contract had become fully executed before the death of the insured and before the payment by mistake of the amount of $5,000. The beneficiary could have recovered the amount due under the policy after the death of the insured and may not have been defeated in that effort, on the ground that the Constitution and laws of the State of Alabama had not been complied with by appellant at the time of the writing of the insurance, for that the contract had become executed without the state. As we understand the decisions in this jurisdiction, the amount in excess of the amount due on the Illinois contract or policy, which was paid by mistake, can be recovered in the state court of the appellee. And as pointed out by assignment of error one, the appellant's demurrer to appellee's pleas 2, 3, 4, 5, 6, and 7 should have been sustained. The pertinent authorities are: Capitol Lumber Co. v. Mullinix, 208 Ala. 266, 94 So. 88; Craddock v. American Freehold Land & Mortgage Co., 88 Ala. 281, 7 So. 196; Holman v. Durham Buggy Co., 200 Ala. 556, 76 So. 914; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403; Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508; Alabama Western R. Co. v. Talley-Bates Construction Co., 162 Ala. 396, 50 So.

341; Gamble v. Caldwell, 98 Ala. 577, 12 So. 424; Western Union T. Co. v. Louisville & N. R. Co., 202 Ala. 542, 81 So. 44; Electric Lighting Co. v. Rust, 117 Ala. 680, 23 So. 751; Hardison v. Plummer, 152 Ala. 619, 44 So. 591.

Appellee's pleas did not state defenses, as they did not set out facts showing that appellant had done business in Alabama, or was doing business therein. The mere payment of the amount of insurance to appellee, or the settlement of the amount due under the policy, did not constitute doing business within the interdictions of the Constitution and statutes of Alabama. Hunter v. Mutual Reserve Life Ins. Co., 218 U.S. 573, 31 S.Ct. 127, 54 L.Ed. 1155, 30 L.R.A.,N.S., 686, citing Georgia Home Ins. Co. v. Boykin, 137 Ala. 350, 368, 34 So. 1012; 32 C.J. 997; 14(a) C.J. 1281; American Building Loan etc. v. Haley, 132 Ala. 135, 31 So. 88; Electric Lighting Co. v. Rust, 117 Ala. 680, 23 So. 751; Jackson v. State, 50 Ala. 141; Covey, etc. v. Bank of Ft. Gaines, 15 Ala. App. 529, 74 So. 87.

The provisions of the policy are:

"The Franklin Life Insurance Company of Illinois.

"Amount $5000.00          Age 45

"Hereby Promises and Agrees to Pay Five Thousand Dollars

at its Home Office in Springfield, Illinois, after receipt and approval of proofs of the death of Charles P. Ward, (The Insured), to Charlie P. Ward (Son and Beneficiary) if he survives the Insured, otherwise to the Insured's Executors, Administrators or Assigns, in the Following manner, towit:

"Twenty five hundred Dollars as a Guaranteed Income, payable in Twenty annual instalments of One Hundred twenty-five Dollars each; and Twenty-five Hundred Dollars as a Guaranteed Deferred Benefit."

It is decided that the prosecution of a suit by a foreign corporation in this state does not constitute doing business therein, within the Constitution and statutory provisions relating to foreign corporations doing business in the state, and this is true when the foreign corporation does not undertake the enforcement of a contract made in the State of Illinois and the performance of which is to take place therein. The bringing of this suit by appellant to recover money paid by mistake to the appellee does not constitute doing business in the state, appellant not thereby undertaking to enforce a contract made in the state by a foreign corporation, which had not complied with its Constitution and laws. Birmingham Property Co. etc. v. Jackson Securities & Invest. Co., 226 Ala. 612, 148 So. 316; Christian v. American Freehold Land & Mortg. Co., 89 Ala. 198, 7 So. 427; McCall v. American Freehold L. M. Co., 99 Ala. 427, 12 So. 806; Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 379, 15 So. 941, 25 L.R.A. 543.

It is declared by this court that contracts made by foreign corporations without the State of Alabama and which are not to be performed wholly within the state are not affected by the failure of such corporation to comply with the Constitution and laws of the state relating to their doing business in this state. The fact is that the place of performance of a contract usually classifies it as to the laws controlling its execution and enforcement. J. R. Watkins v. Hill, 214 Ala. 507, 108 So. 244. The contract in this case, in its every aspect, was to be performed in the State of Illinois under express stipulations contained in the policy, which we have set out above, hence neither the entering into it nor its execution was governed by the laws of this state. 5 Alabama Digest, Corporations, 642(4); Beard v. Union & Amer. Pub. Co., 71 Ala. 60; American Amusement Co. v. East Lake Chutes, 174 Ala. 526, 56 So. 961; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403.

It was an accruing Illinois contract, executed by mistake, that gave rise to a moneyed demand, sought to be recovered in this suit. New York Life Ins. Co. v. Scheuer, 198 Ala. 47, 73 So. 409; Western Union Telegraph Co. v. Favish, 196 Ala. 4, 71 So. 183; Liverpool & G. W. S. Co. v. Phenix Ins. Co., 129 U.S. 397, 447-458, 9 S.Ct. 469, 32 L.Ed. 788; New York Life Ins. Co. v. Dodge, 246 U.S. 357, 38 S.Ct. 337, 62 L.Ed. 772, Ann.Cas.1918E, 593; Southern Railway Co. v. Harrison, 119 Ala. 539, 544, 24 So. 552, 43 L.R.A., 385, 72 Am.St.Rep. 936.

In J. R. Watkins Co. v. Hill et al., 214 Ala. 507, 509, 108 So. 244, 245, it is declared: "Exceptions to the general rule of lex loci are where the parties clearly appear to have legally contracted with

reference to the law of another jurisdiction, or where the contract is to be performed in another jurisdiction. Southern Exp. Co. v. Gibbs, 155 Ala. 303, 46 So. 465, 18 L.R.A.,N.S., 874, 130 Am.St.Rep. 24. Stated in other words, the general rule is that the nature, obligation, validity and interpretation of a contract are according to the laws of the state where made, or where performance begins, unless it is apparent that the parties manifest a mutual intention to the contrary, or unless it is to be performed in some other place, in which case the law of the other place and of performance will govern. Southern Ry. Co. v. Harrison, 119 Ala. 539, 24 So. 552, 43 L.R.A. 385, 72 Am.St.Rep. 936; Southern Express Co. v. Gibbs, 155 Ala. 303, 46 So. 465, 18 L.R.A.,N.S., 874, 130 Am.St.Rep. 24; W. U. Telegraph Co. v. Favish, 196 Ala. 4, 71 So. 183; Liverpool & G. W. Steam Co. v. Phenix Co. 9 S.Ct. 469, 129 U.S. 397, 32 L.Ed. 789."

■ Pleas two through seven, inclusive, are subject to the demurrers directed thereto, for the reason that the defenses set up are averred by conclusions and that they do not state facts constituting defenses. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 So. 314; Fries v. Acme White Lead & Color Works, 18 Ala.App. 267, 92 So. 34; certiorari denied, Ex parte Fries, 207 Ala. 225, 92 So. 423; Leverett v. Garland Co., 206 Ala. 556, 90 So. 343; Jones et al. v. Mosby, Bagley & Co., 19 Ala.App. 467, 98 So. 313, certiorari denied, 210 Ala. 377, 98 So. 314.

■ There was reversible error in overruling demurrers to said pleas.

It is further declared by this Court that money voluntarily paid with full knowledge of the facts cannot be recovered, but having the means of ascertaining the real facts is not tantamount to actual knowledge of such facts. This rule is best in order to accord with the principle of justice and is in accord with the decisions of this court. 21 R.C.L. p. 168, § 198; Rutherford v. McIvor, 21 Ala. 750; Town Council of Cahaba v. Burnett, 34 Ala. 400, 403; Young v. Lehman, Durr & Co., 63 Ala. 519; Beasley v. Beasley, 206 Ala. 480, 90 So. 347; Merrill v. Brantley & Co., 133 Ala. 537, 31 So. 847.

■ In 21 R.C.L. p. 168, § 198, the authorities are collected to the effect that payment made under mistake of fact, induced by forgetfulness, may be recovered.

■ Appellant paid the $5,000 under the mistaken belief that the policy provided for the lump sum payment of that amount; the appellant obtained nó appreciable benefit by the payment of the $5,000, and appellees parted with no substantial rights or interest by receiving the payment. It thus appears the plaintiff is suing for money actually paid under a mistake of fact, and may maintain the suit, notwithstanding the fact of imputable knowledge of the contents of the policy, and may recover the overpayment thereon. Roney v. Commercial Union Fire Insurance Company, 225 Ala. 367, 369, 143 So. 571; Beasley v. Beasley, supra; Traweek v. Hagler, 199 Ala. 664, 75 So. 152; Ledger Publishing Co. v. Miller, 170 Ala. 437, 54 So. 52; Rutherford v. McIvor, supra; Hemphill v. Moody, 64 Ala. 468; Young v. Lehman, Durr & Co., 63 Ala. 519; Merrill v. Brantley & Co., 133 Ala. 537, 538, 31 So. 847.

The case was tried by the court without a jury. Notwithstanding the presumptions that obtain in support of judgments rendered on oral evidence, where the trial was by the court without a jury, we are of the opinion and hold that the court erred as to its conclusions under the rules of law that obtain, and in rendition of judgment for defendant.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.