ROBERT P. BRADLEY, Retired Appellate Judge.
In 1989 Price Malone filed a complaint against Cecil Davis, alleging that Davis had breached a lease agreement between the parties on an industrial building located in Florida. Malone sought damages in the amount of $13,200 for unpaid rent due under the lease.
Davis filed a motion to dismiss, alleging that Alabama courts had no subject matter jurisdiction over the case. This motion was denied and the case was subsequently tried before a jury. During the trial Davis raised timely motions for directed verdict, alleging that the Alabama court lacked subject matter jurisdiction over the controversy, but these motions were also denied.
After closing arguments, the jury received instructions on the applicability of Alabama law to the issues of execution and enforcement of the lease. On the issue of mitigation of damages, the jury received instructions based on Florida law. After deliberation, the jury found that Davis was personally liable to Malone for breach of the lease and awarded damages of $8,400.
Davis filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial, which was denied. This appeal ensued.
On appeal, Davis first contends that the trial court erred in giving jury instructions regarding contract formation and enforcement based on Alabama law. He points out that the lease in question was executed in Florida, on property located in that state, and concludes that the jury should have been instructed from Florida law on all issues.
Issues concerning the validity and construction of a contract are controlled by the law of the place where the contractual rights were acquired or the liabilities incurred, while issues of procedural rights are governed by the law of the jurisdiction where relief is sought. Fleming v. Pan American Fire & Casualty Co., 495 F.2d 535 (5th Cir.1974); Franklin Life Ins. v. Ward, 237 Ala. 474, 187 So. 462 (1939). However, foreign law may not be applied to issues brought in Alabama courts unless such law is properly pleaded under the Alabama Rules of Civil Procedure. Under Rule 44.1, A.R.Civ.P., a party who intends to raise an issue concerning the law of another state shall give notice in his pleadings or reasonable written notice.
In his pleadings, Davis challenged the jurisdiction of the Alabama court but did not seek the application of Florida law to the substantive issues. However, Davis’s counsel did submit a proposed jury instruction on the issue - of mitigation of damages based on Florida law, which was subsequently given. The jury instruction *222 was sufficient written notice that he sought the application of Florida law on this issue under Rule 44.1. However, throughout the course of the trial, Davis’s counsel failed to raise any other issue under Florida law and even argued Alabama law to the trial judge regarding the issue of contract formation.
In his postjudgment motions, Davis asserted for the first time that he was not allowed an election of remedies “in accordance with the laws of Florida.” However, foreign law must be pleaded at a time reasonably close to the trial date, and there is no discernible reason why Davis failed to invoke Florida law on this issue prior to and during the trial. The issue was thus not timely raised under Rule 44.1. See Simmons Mach. Co. v. M. & M. Brokerage, Inc., 409 So.2d 743 (Ala.1981).
From the record, it is clear that Davis did not timely seek application of Florida law to any issue except the mitigation of damages. Accordingly, the trial court did not err in applying Alabama law to the issues of contract formation and enforcement.
Davis next argues that Malone failed to mitigate his damages as required by Florida law. As stated, this issue was properly pleaded under Rule 44.1, and thus will be reviewed under Florida law here.
We begin by noting the following pertinent facts: The parties executed the lease agreement in Santa Rosa County, Florida. Under the terms of the agreement, Malone agreed to lease an industrial building to Davis for a year, commencing on March 15, 1989, at a monthly rental of $1,200. Malone subsequently received a rent cheek for the month of March, but received no further payments.
In April 1989 Malone contacted Davis regarding the nonpayment of rent. Davis told Malone that he had applied for a loan to cover the costs of the rented building and was waiting for approval of the loan before he could pay. No rent was forthcoming and Malone regularly called Davis to complain about this for the next seven months. Malone did not attempt to relet the premises.
In October of 1989 Davis informed Malone that he was moving to Alabama and was not going to rent the Florida property. Malone subsequently instituted this action, seeking rent payments due under the lease agreement, as well as interest and court costs.
Under Florida law, a party cannot recover damages that he could have prevented through the exercise of reasonable care and diligence. Graphic Assocs. v. Riviana Restaurant Corp., 461 So.2d 1011 (Fla.Dist.Ct.App.1984). Davis contends that Malone’s failure to relet the premises after Davis defaulted upon the rent payments was unreasonable and thus bars Malone from recovery.
As stated, Malone persistently called Davis to complain about nonpayment of rent after March 1989. The record shows that in his conversations with Malone, Davis did not express any intent to dissolve the lease, nor did he indicate that he was willfully failing to pay the rent. Instead, Davis explained that he was trying to secure a loan to pay the rent and begin a business in the industrial property. Davis thus manifested a continuing intent to pay the rent due under the lease and to thereby maintain the contract. Davis did not express his intent to negate the contract until October, when he contacted Malone to tell him that his company was relocating to Alabama.
In his complaint, Malone sought damages of $13,200 for eleven months of unpaid rent due under the contract. The jury awarded him damages of only $8,400, for rent unpaid from April to October 1989. The jury apparently found that Malone did not have the duty to mitigate his damages until he learned of Davis’s specific intent not to perform under the contract.
Under Florida law, a jury is presumed to have applied the law to the facts as it found them, and its judgment will not be disturbed unless it is shown to be plainly and palpably wrong. Eley v. Moris, 478 So.2d 1100 (Fla.Dist.Ct.App.1985). In this case, the jury could have concluded from the evidence that Malone relied in good *223 faith upon Davis’s expressed intent to perform under the lease and thus had no duty to mitigate his damages until Davis disavowed the agreement in October. We therefore find no palpable error in the jury’s assessment of damages for nonpayment of rent from April to October 1989.
Davis does not support his additional arguments on appeal with applicable authority under Alabama law. We therefore affirm the judgment rendered on these issues on the authority of Rule 28(a)(5), Alabama Rules of Appellate Procedure.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.